**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LEEDS DYE GURNEY,

    Plaintiff,

v.                                                  Case No:   6:21-cv-414-GAP-LHP

FEDERAL INSURANCE COMPANY,

    Defendant

---

**ORDER**

This cause comes before the Court following a hearing held on December 21, 2022 on Defendant's Motion for Reconsideration (Doc. No. 30), Plaintiff's Verified Motion for Attorneys' Fees (Doc. No. 37), and several related matters. *See* Doc. Nos. 48-49.  During the course of the hearing, several rulings were made, which are memorialized herein.  *See* Doc. No. 49.

Defendant's Motion for Reconsideration (Doc. No. 30), which was based on an excusable neglect theory pursuant to Fed. R. Civ. P. 60(b), is **DENIED**.  *See Lawson v. Smile Design Dentistry St. Pete, LLC*, No. 8:22-cv-346-CEH-TGW, 2022 WL 1081562, at *2-3 (M.D. Fla. Apr. 11, 2022); *Jacobs v. Hudson Real Est. Holdings, LLC*, No. 20-CIV-80911-RAR, 2021 WL 705785, at *3 (S.D. Fla. Feb. 23, 2021); *United Fire*

*& Cas. Co. v. Progressive Express Ins. Co.*, No. 6:19-cv-1049-Orl-41EJK, 2020 WL 11421204, at *2 (M.D. Fla. July 30, 2020); *Stallworth v. Omninet Vill., L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016).

Plaintiff's Verified Motion for Attorneys' Fees (Doc. No. 37) is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that fees will be awarded, but is denied as to the amount requested. As discussed during the hearing, the Court previously awarded fees for the filing of the original motion to compel as a sanction under Fed. R. Civ. P. 37(a)(5)(A). *See* Doc. No. 25, at 4. And the Court has now denied Defendant's motion for reconsideration; therefore, the award of sanctions stands. Plaintiff, however, requests $8,574.00 in attorneys' fees, which cover 25.8 hours of attorney time expended on not only the filing of the original motion to compel (Doc. No. 23), but also on subsequent conferrals with Defendant's counsel, drafting a potential reply to Defendant's belated response to the motion to compel, conferrals regarding the amount of fees to be awarded, and researching and drafting a response to Defendant's motion for reconsideration. Doc. No. 37; *see also* Doc. No. 37-1. Plaintiff also seeks hourly rates for its counsel of $380.00 (for Matthew Baldwin), and $280.00 (for Jamie Whiteway).

The awarding of fees as a sanction under Fed. R. Civ. P. 37(a)(5)(A) is discretionary. However, in determining the appropriate amount to award, the Court applies the federal lodestar. *See, e.g., Am. Auto. Ass'n v. Porter*, No. 6:15-cv-

631-Orl-18KRS, 2015 WL 12843858, at *1 (M.D. Fla. Oct. 27, 2015); *see also Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148 (11th Cir. 1993) (citing *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990) and *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985)). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Based on the information provided, the lack of any specific objection by Defendant, and the Court's own expertise, the Court finds that the hourly rate for Attorney Baldwin ($380.00) is customary and reasonable for an attorney with his years of experience working on cases of similar complexity.[1] *See Defronzo v. Liberty Mut. Ins. Co.*, No. 6:19-cv-244-Orl-78LRH, 2020 WL 5881702, at *7 (M.D. Fla. July 28, 2020), *report and recommendation adopted*, 2020 WL 5881595 (M.D. Fla. Aug. 14, 2020). With respect to Attorney Whiteway, the Court finds that a reasonable hourly rate for an attorney with her experience in similar cases is $250.00. *See id*. *See also* Doc. Nos. 37-4, 37-5.

---

[1] Defendant did not pose any objections to either attorney's hourly rate in its response. Doc. No. 47. At the hearing, however, counsel for Defendant generally objected to Attorney Whiteway's hourly rate, but raised no objection to the rate requested by Attorney Baldwin.

With respect to the hours requested, the Court finds that 25.8 hours is unreasonably high. The Court only authorized a sanction for the fees expended for the filing of the original motion to compel. Doc. No. 25, at 4. According to the time records provided by Plaintiff, those hours total .50 for Attorney Baldwin and 6.6 for Attorney Whiteway. Doc. No. 37-1. And other than Defendant making a generic objection that these hours were too high, and referencing an alleged statement by Attorney Whiteway that drafting of the motion to compel only took "a couple of hours," Defendant has not objected to these hours. *See* Doc. No. 47, at 14; Doc. No. 47-1, at ¶ 34.

The remaining hours, however, were expended on the reply brief (which the Court denied leave to file), conferrals on the amount of fees, and the opposition to reconsideration. Doc. No. 37-1, *see also* Doc. No. 29. At the hearing, the Court heard argument from counsel as to why these additional hours should be awarded. Upon consideration of these arguments, the Court finds that the total amount of hours should be reduced by 50%. The Court is persuaded by Plaintiff's counsel that he was forced to incur some of these hours to respond to the motion for reconsideration – and that these hours relate directly to the original motion to compel. However, the Court is equally persuaded by the fact that the conferrals on the amount of fees to be awarded are not recoverable,[2] and that a large section

---

[2] *See* Doc. No. 37, at 6, n.1 (citing *Wickboldt v. Massachusetts Mut. Life Ins. Co.*, No.

of Plaintiff's response seeks to rehash issues that were not contested in the motion for reconsideration. *See* Doc. No. 32, at 2-5. And, as discussed *ad infinitum* with counsel at the hearing, it is patently obvious to the Court that much of the motions practice since September 2022 has been the sole result of counsel for both sides' inability to engage in civil and cooperative litigation. While the Court finds that Defendant's counsel bears most of the blame for this – and in particular again cautions counsel to pay close attention to the accuracy of the statements made in filings – Plaintiff's counsel's hands are not entirely clean. The Court therefore finds that a 50% reduction in the hours is a fair resolution – it compensates Plaintiff for having to continue to litigate what was a straightforward issue, while not providing Plaintiff an unwarranted windfall. *See Ali v. Pendergast & Assocs., P.C.*, No. 1:12-CV-02983-RWS-GGB, 2014 WL 12789644, at *9 (N.D. Ga. Feb. 25, 2014) ("Determining the amount of expenses and attorney's fees to award a party under Rule 37 is within the sound discretion of this Court." (citing, *inter alia*, *Gratton v. Great Am. Comm.*, 178 F.3d 1373, 1374-75 (11th Cir. 1999))); *Murphy v. Cooper Tire & Rubber Co.*, No. 5:08cv40/RS/EMT, 2008 WL 5273548, at *6 (N.D. Fla. Dec. 18, 2008) ("The court 'has wide latitude in imposing sanctions for failure to comply with discovery.'" (quoting *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994))).

---

17-cv-2208-Orl-28EJK, 2020 WL 11272877, at *3 (M.D. Fla. Dec. 7, 2020), *report and recommendation adopted*, 2020 WL 11272874 (M.D. Fla. Dec. 23, 2020))).

- 5 -

Accordingly, the Court awards fees to Plaintiff pursuant to Fed. R. Civ. P. 37(a)(5) as follows:

| | | | | | |
|---|---|---|---|---|---|
| Matthew Baldwin | 6.75 hours | x | $380.00 | = | $2,565.00 |
| Jamie Whiteway | 6.15 hours | x | $250.00 | = | $1,537.50 |

**Total Awarded:     $4,102.50.**

The Court finds this amount to constitute the reasonable expenses related to the motion to compel proceedings.   Pursuant to the representations of Defendant's counsel at the hearing, this fee is to be paid to Plaintiff by Defendant's counsel only. *See* Fed. R. Civ. P. 37(a)(5)(A).

Relatedly, based on the Court's discussion with counsel concerning the allegations of fraudulent and/or contemptuous conduct by Defendant's counsel, no further sanctions will be awarded at this time.  However, the Court once again reminds counsel of their duty to engage in litigation in a civil and cooperative manner, of their duty of candor, and of their obligations under Fed. R. Civ. P. 11. Going forward, the Court expects the parties to ensure that their filings are accurate and devoid of *ad hominem* attacks.   The Court sincerely empathizes with counsels' personal struggles, but such struggles do not excuse filings in this case which are full of discrepancies and inaccuracies.

The parties' joint oral motion for a settlement conference before a Magistrate Judge (Doc. No. 50) is **GRANTED**.   This case is referred to United States

Magistrate Judge Daniel C. Irick to conduct a settlement conference in this case. The parties shall participate in the settlement conference at Magistrate Judge Irick's direction. In addition, Defendant's counsel's oral motion to delay payment of the above sanctions is **GRANTED**. Counsel shall pay to Plaintiff the $4,102.50 in sanctions on or before **seven (7) calendar days** following the conclusion of the settlement conference before Magistrate Judge Irick.

**DONE** and **ORDERED** in Orlando, Florida on December 23, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties